UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

SHARROD V. KENDRICK                                    MOVANT/DEFENDANT

v.                                    CIVIL ACTION NO. 5:06CV-0000P3-R
                                      CRIMINAL ACTION NO. 5:03CR-00008-R

UNITED STATES OF AMERICA                              RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION & ORDER**

Movant, Sharrod V. Kendrick, filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Movant claims that his sentence resulted from an "unconstitutional application of the mandatory [sentencing] guidelines" and should be vacated pursuant to the recent United States Supreme Court decision of *United States v. Booker*, 543 U.S. 220 (2005). His motion is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

Despite Movant's argument for retroactivity, the Supreme Court has not made *Booker* retroactively applicable to cases on collateral review. *Booker,* 543 U.S. at 268 ("[W]e must apply today's holdings . . . to all cases on direct review."). And, the Sixth Circuit Court of Appeals has specifically concluded that "*Booker's* rule does **not** apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (emphasis added). As "*Booker* . . . does not apply retroactively to cases already final on direct review," *id.* at 857, § 2255 ¶6(3) does not apply in this case.

Instead, because Movant alleges no impediment created by the government, *see* § 2255 ¶6(2), or no newly discovered evidence, *see* § 2255 ¶6(4), the one-year period of limitations began to run on the date on which Movant's judgment of conviction became final. Movant's judgment of conviction was entered on February 11, 2004. Movant did not pursue an appeal. " [A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment. . . ." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Thus, the one-year period began running on February 26, 2004. Since Movant did not file the instant § 2255 motion until January of 2006, the motion is time barred.

Before dismissing the action on this ground, however, the Court will provide Movant with an opportunity to respond. *Day v. McDonough,* --- S.Ct. ---, 2006 WL 1071410 (U.S. Apr. 25, 2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum Opinion and Order, Movant must show cause why his § 2255 motion to vacate,

set aside or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations.

Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date: June 7, 2006

Thomas B. Russell, Judge
United States District Court

cc:     Movant, *pro se*

4413.008